*JOYJSTES, J.
The judgment in this case is founded on a bond for $10,000, dated September 1, 1846, and payable five years after date, with interest from date, to Edward B. Fant or order. On or about the 15th of September, 1846, Fant assigned the bond to Miller for value. Miller held the bond until the second day of September, 1847, when he transferred it for value by delivery, but without endorsement, to Williams. Williams subsequently assigned it to Schumaker, for whose benefit the present suit was brought. The pleas were payment, usury, and non est factum. The deposition of Miller was read in evidence on behalf of the plaintiff, though objected to by the defendant on the ground that it showed upon its face that Miller was incompetent to testify on the ground of interest. The correctness of this decision is the only question before this court.
There would seem to be only two grounds upon which Miller’s competency can be objected to, and I do not think that either of these can be maintained.
1. When Williams obtained the bond from Miller, his objec* was to raise money upon it to relieve his embarrassments, and Miller agreed to give him a guaranty of it if he should demand it. The object of both parties in this arrangement, as may, I think, be fairly inferred from all the facts, was to enable Williams to effect a negotiation of the bond on satisfactor3r terms. If Williams could not effect a satisfactory négoti-ation without Miller’s guaranty, Miller was to give his guaranty when demanded. But if the negotiation should be effected without the guaranty, then Miller was no longer bound to give it, because the object for which alone it was to be given had been accomplished without it.
I think, therefore, that when Williams succeeded in passing off the bond without having called for Miller’s guaranty, he had no longer any right to call upon Miller *to give a guaranty; and such I infer from Miller’s statement was his un-derstandng. It follows that as Miller was *243 no longer subject to any liability on account of this agreement with Williams, he was not incompetent on this ground.
2. It appears that the controversy under the plea of usury had reference to the transaction between Eant and Miller, in which the bond passed from the former to the latter. If there was usury in that transaction, therefore, Miller was cognizant of it; and when he passed the bond to Williams, as one to which he had a valid title, he was guilty of a deceit which made him liable to Williams, although he did not endorse the bond. But if Miller was liable on this ground, the right of action against him occurred at the time the deceit was practiced (Rice v. White, 4 Leigh 474), and was barred by the statute of limitations long before his deposition was taken. And as a liability against which a witness may protect himself by a plea of the statute of limitations, will not disqualify him (1 Greenleaf Évid. $ 430), it follows that Miller was not incompetent on this ground.
I am of opinion that the judgment should be affirmed.
MONCURE, J., concurred in the opinion of Joynes, J.
Judgment affirmed.